UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARA S O'REILLY,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA SKI COMPANY, et al.,<br><br>        Defendants. | Case No. 23-cv-03964-VC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION** |

The parties must demonstrate that the Court has diversity jurisdiction over this action. At the Case Management Conference on November 17, 2023, defense counsel raised his uncertainty regarding the citizenship of individual defendant Gregory Whitehouse at the time that the complaint was filed. The complaint alleges that Whitehouse was a citizen of California. But if Whitehouse was a citizen of Utah, then there would not be complete diversity, and jurisdiction would be improper. Thus, Whitehouse's state citizenship must be established.[1] Additionally, the parties should address whether the case is in essence a family law dispute such that the Court should or would be required to decline to exercise jurisdiction. *See generally Chan v. Exley*, No. 21-cv-09990-VC, 2022 WL 1027113 (N.D. Cal. Apr. 6, 2022).

Responses from both parties are due on December 4, 2023.

**IT IS SO ORDERED.**

---

[1] "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) (internal citations omitted).

Dated: November 17, 2023

_____
VINCE CHHABRIA
United States District Judge